**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LITÉRA TECHNOLOGIES, LLC,** Plaintiff, v. **DOCSCORP LLC,** Defendant. | Civil Action No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Litéra Technologies LLC ("Plaintiff" or "Litéra Tech"), complaining of the acts of Defendant DocsCorp LLC ("DocsCorp"), alleges and says the following:

## PARTIES

1. Plaintiff Litéra Tech is a North Carolina limited liability company that has its principal place of business in McLeansville, North Carolina.

2. On information and belief, Defendant DocsCorp is a limited liability company organized and existing under the laws of Delaware and having its principal place of business in Portland, Oregon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

### Plaintiff Litéra Tech

6. Litéra Tech focuses on developing innovations related to a variety of industries, including the software, automotive, and consumer appliance industries.

7. One of the inventions that Litéra Tech has developed involves a method of removing information in electronic documents that users do not want to share, such as metadata, from email attachments in a network environment.

8. On February 22, 2011, the United States Patent and Trademark Office ("PTO") granted to Litéra Tech a patent directed to this invention, "Method of Managing Metadata in Attachments to E-mails in a Network Environment," U.S. Patent No. 7,895,276 (hereinafter the "'276 Patent") (Exhibit A).

9. The '276 Patent is in full force and effect, and all required maintenance fees have been paid to the PTO. Plaintiff owned the '276 Patent throughout the period of Defendant's infringing acts and still owns the '276 Patent.

10. On November 15, 2011, the PTO granted to Litéra Tech a patent directed to this invention, "Methods and Systems for Managing Metadata in Email Attachments in a Network Environment," U.S. Patent No. 8,060,575 (hereinafter the "'575 Patent") (Exhibit B).

11. The '575 Patent is in full force and effect, and all required maintenance fees have been paid to the PTO. Plaintiff owned the '575 Patent throughout the period of Defendant's infringing acts and still owns the '575 Patent.

12. Both the '276 Patent and the '575 Patent generally, and without limitation, concern a computer-based system and method for removing metadata from a document attached to an email, in which a computer or program between the email sender and the email recipient

performs the necessary functions and the email, with an attachment "cleaned" of some or all of the metadata, is transmitted to the email recipient.

13. Another invention that Litéra Tech has developed involves, generally and without limitation, a method for comparing annotations or comments between two versions of an electronic document and producing an output that displays the comparison.

14. On May 20, 2014, the PTO granted to Litéra Tech a patent directed to this invention, "Systems and methods for the comparison of annotations within files," U.S. Patent No. 8,732,181 (the "'181 Patent") (Exhibit C).

15. The '181 Patent is in full force and effect, and all required maintenance fees have been paid to the PTO. Plaintiff owned the '181 Patent throughout the period of Defendant's infringing acts and still owns the '181 Patent.

### Defendant DocsCorp

16. DocsCorp is responsible for importing, marketing, distributing, offering and selling the "cleanDocs Desktop" and "cleanDocs Mobile" software products in North America. These products purport to remove metadata from computer data files that are attached to emails, such as certain types of word processor, spreadsheet, or presentation files.

17. According to DocsCorp's marketing materials, DocsCorp's "cleanDocs Mobile" software product operates by performing metadata cleaning using an email server or other intermediate computer, rather than by performing the cleaning operation directly on the end user's mobile or desktop device from which the email originates.

18. In addition, according to DocsCorp's marketing materials, when an end user transmits an email with an attachment containing metadata, DocsCorp's "cleanDocs Mobile" software product alters the contents of the email sender's "Sent" email folder such that the

transmitted email is stored with the cleaned attachment, rather than with the previous version of the attachment containing metadata.

19. DocsCorp's "cleanDocs Mobile" software product infringes one or more claims of the '276 Patent and of the '575 Patent, literally or under the doctrine of equivalents.

20. On information and belief, DocsCorp imports from a related party the "cleanDocs Mobile" product, which infringes the '276 and the '575 Patents.

21. On information and belief, DocsCorp, uses, offers to sell and/or distributes the "cleanDocs Mobile" product in the United States, which infringes the '276 and the '575 Patents.

22. DocsCorp is also responsible for importing, marketing, distributing, offering and selling the "compareDocs" software product. According to marketing materials, this software product enables a user to compare two documents and to output the result to a Microsoft Word or PDF file.

23. On information and belief, DocsCorp's "compareDocs" software product compares comments and other annotations between two documents and incorporates the annotation comparison output into the file comparison output.

24. DocsCorp's "compareDocs" software product infringes on one or more claims of the '181 Patent, literally or under the doctrine of equivalents.

25. On information and belief, DocsCorp imports from a related party the "compareDocs" software product, which infringes the '181 Patent.

26. On information and belief, DocsCorp, uses, sells, offers to sell and/or distributes the "compareDocs" software product in the United States, which infringes the '181 Patent.

27. Litéra Tech has never authorized or consented to DocsCorp's use of the inventions claimed in the '276, '575, or '181 Patents.

### FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT – '276 AND '575 PATENTS

28. Litéra Tech alleges and incorporates by reference all preceding paragraphs.

29. On information and belief, for a period of time unknown to Litéra Tech, DocsCorp has used, offered for sale and/or distributed the "cleanDocs Mobile" product in the United States, and thereby infringed one or more claims of the '276 and the '575 Patents, in violation of 35 U.S.C. § 271(a).

30. Litéra Tech has suffered and continues to suffer damages and irreparable harm as the direct and proximate result of DocsCorp's infringement of the '276 and the '575 Patents.

### SECOND CLAIM FOR RELIEF
### PATENT INFRINGEMENT – '181 PATENT

31. Litéra Tech alleges and incorporates by reference all preceding paragraphs.

32. On information and belief, for a period of time unknown to Litéra Tech, DocsCorp has used, sold, imported, offered for sale and/or distributed the "compareDocs" product in the United States, and thereby infringed one or more claims of the '181 Patent, in violation of 35 U.S.C. § 271(a).

33. Litéra Tech has suffered and continues to suffer damages and irreparable harm as the direct and proximate result of DocsCorp's infringement of the '181 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Litéra Tech requests that the Court enter judgment against DocsCorp, as follows:

(1) Permanently enjoin DocsCorp from infringing the '276, '575, and '181 Patents;

(2) Enter judgment in favor of Litéra Tech and against DocsCorp for infringement of the '276, '575, and '181 Patents;

(3) Award damages for the infringement of the '276, '575, and '181 Patents in an amount to be proven at trial, as well as costs and interest; and

(4) Grant Litéra Tech such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Litéra Tech hereby demands a trial by jury on all non-equitable claims set forth herein.

October 13, 2015

                                  SMITH KATZENSTEIN & JENKINS LLP

                                  */s/ Neal C. Belgam*
                                Neal C. Belgam (No. 2721)
                                1000 West Street, Suite 1501
                                P.O. Box 410
                                Wilmington, DE  19899
                                302-652-8400
                                nbelgam@skjlaw.com

                                *Attorneys for Plaintiff*

*Of Counsel:*

James T. Williams, Jr.
Charles F. Marshall, III
Darrell A. Fruth
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
Fax: (336) 378-1001